JOHN F. OVERTON ET AL. v. BURRELL CONNER ET AL.

1. ACCORD AND SATISFACTION.—It is sufficient evidence of a plea of accord and satisfaction to show that the plaintiff received the property agreed to be taken in payment of the debt to which it is pleaded.

2. SAME.—It is no reply to such evidence, in support of the plea of accord and satisfaction, to show that after the property had been received and accepted by the plaintiff in satisfaction of the claim sued on, it had again gone into the possession of the defendant under some other or subsequent contract with which defendant had not complied, and by reason thereof or in any other way plaintiff derived no benefit.

3. SAME.—To be operative, the accord and satisfaction must be finally and fully consummated by the parties in accordance with its terms and stipulations.

APPEAL from Smith. Tried below before the Hon. M. H. Bonner.

The facts sufficiently appear in the opinion.

*Jones & Henry*, for appellants.

I. An accord and satisfaction, though fully executed, has

no effect as a defense if it is rendered ineffective or worthless by the debtor's act or omission. (2 Pars. on Cont., 6th ed., p. 687.)

II.. If there was an accord and satisfaction, the court erred in withdrawing from the jury the inquiry as to whether it had not· been defeated by the acts of the defendants. (Pars. on Cont., 6th ed., p. 687.)

*Reaves, Dodd & Reaves,* for appellees.

MOORE, CHIEF JUSTICE.—Appellants insist that the judgment in this case should be reversed for the refusal of the court to submit to the jury an issue asked by them, and which · they insist was essential to its correct determination.

That the point presented by appellants' brief may be fully understood, it is necessary for us to state the facts on which the action of the court complained of was had.

Among other defenses, appellees Conner and Cunningham, defendants in · the court below, pleaded that on the 5th of July, 1876, they delivered to the plaintiffs, appellants in this court, 252,549 feet of lumber, of the value of $3,000, and that said lumber was received and accepted by plaintiffs in full accord and satisfaction of all their claims and demands against defendants on account of said mill and other property, for the recovery of which this said suit is prosecuted. To this answer the plaintiffs replied, in an amended petition, by a general denial, and, further, that if said lumber had been delivered to them by the defendants, it had not been delivered or received in payment of the amount due plaintiffs on the contract for the sale of the mill and other property, for which they are suing, but on an entirely different demand, &c.

On the trial the court submitted for the determination of the jury, among others, the following special issues, to wit:

"No. 8. Did the said defendants, or either of them, in settlement with the plaintiffs, or by agreement with them, pay

off and discharge, or settle in full with them, or either of them, any amount then due on said claims for $2,000 and $2,500, by delivery of lumber, as averred by defendants; and if so, when did they so pay off, discharge, or settle the same?

"No. 9. If you answer special issue No. 8 in the affirmative, then state whether said plaintiffs, or either of them, received the same in full discharge and satisfaction of any remainder due on said claims."

And, though asked to do so by the plaintiffs, the court refused to submit for the determination of the jury the following further inquiry, viz.: "If you answer special issues Nos. 8 and 9 in the affirmative, you will state what became of said lumber after it was received, and whether or not plaintiffs received the benefit of the same;"—but, on the contrary, at the instance of defendants, told the jury that if they found that the defendants, B. Conner & Co., delivered to plaintiffs, or either of them, said lumber, and that plaintiffs received the same in full satisfaction for the mill and other property purchased by the defendants from the plaintiffs, then it would not be necessary for them to inquire into the other special issues propounded to them in the charge.

Now, it will be observed that plaintiffs make no objection to the issues submitted by the court, or to the form and manner in which the questions to be answered by the jury are framed by the instructions given to the jury to guide them in properly responding to the issues thus submitted. It is, therefore, obvious that appellants, to maintain their assignment of errors, must show that it is not sufficient, to support the defense of accord and satisfaction, to prove that the plaintiffs received the property agreed to be taken in payment of the debt to which it is pleaded; but, to make good the plea, it must also be shown what became of the property after it had been received by the creditor, and that he was benefited by it. For unless the validity of the defense depends upon matters subsequent to the delivery of the property stipulated to be received in satisfaction of the debt,

evidently the issues presented by the court involved the determination of all the facts essential for its proper decision. Will the fact, then, that the lumber which plaintiffs agreed to accept (if such was the case) in full payment of the amount due them for the mill, after it had been received and accepted by them, had gone again into the possession of the defendants under some other or subsequent contract with which the defendants fail to comply, and by reason whereof, or in any other way, plaintiffs derived no benefit from it, affect or defeat the accord and satisfaction, or restore vitality to the debt which had been thus agreed to be settled and discharged?

The only authority cited in support of the affirmative of this proposition is a paragraph in the sixth edition of 2 Parsons on Contracts, p. 687, which reads as follows: "We have seen that a promise without execution is no satisfaction, unless it has this effect by express agreement. And, on the same principle, if the promise be executed literally, or in form, but is rendered inoperative or worthless to the creditor by the debtor's act or omission, this has no effect as an accord and satisfaction."

Certainly no one can insist that a mere promise, without performance, unless it had been expressly so agreed, will satisfy or discharge a preëxisting contract. Nor will the mere literal or apparent execution of the promise have this effect where, by reason of some act or omission of the debtor, the new contract or undertaking is inoperative and void, as seems to have been the fact in the cases of Turner *v.* Browne, 3 C. B., 157, and Hall *v.* Smallwood, Peake's Add. Cas., 13, cited by Judge Parsons in support of what is said by him in the paragraph to which we are referred. But we cannot concede that anything that is here said by this distinguished jurist demands, or even tends to warrant, the submission to the jury of the broad issue asked by appellants, implying that the mere failure of the creditor to derive any benefit from property, after its delivery and acceptance by him in full discharge of his demand, deprives the debtor of the benefit of

the accord and satisfaction. On the contrary, the entire section in which the paragraph cited is found repels such a supposition. ( 2 Pars. on Cont., ch. 111, sec. 4, p. 681, *et seq.*)

In holding that the court was not called upon to submit to the jury the issue proposed by appellants, we are not to be understood as intimating that the mere delivery of property agreed to be taken in payment of a debt will, of itself, discharge 'it; for in this, as in all other contracts, there must be the consent or meeting of the minds of the parties before there is a consummation of the contract. Hence the property must not only be delivered by the debtor, but it must also be received and accepted by the creditor, before the accord is fully consummated and completed. In other words, to be operative, the accord and satisfaction must be finally and fully consummated by the parties in accordance with its terms and stipulations. This is done when the title and possession of the property to be given in discharge of the debt are divested out of the debtor and legally and *bona fide* vested in the creditor. When this is the case the old contract is discharged, and the rights of the parties are governed by, and are to be determined by, the new one.

There is no error in the judgment, and it is therefore affirmed.

JUDGMENT AFFIRMED.

[Justice BONNER did not sit in this case.]