**BEAUMONT IMPLEMENT CO. v. CLUBB.**

**No. 3664.**

Court of Civil Appeals of Texas. Beaumont.

April 20, 1940.

Rehearing Denied May 1, 1940.

A. D. Lipscomb, of Beaumont, for appellant.

LeRoy McCall, of Beaumont, for appellee.

WALKER, Chief Justice.

This suit was instituted by appellant, Beaumont Implement Company, against appellee, O. D. Clubb, in County Court of Jefferson County at Law, Jefferson County, praying for judgment on a promissory note dated the 11th day of June, A. D. 1936, in the principal sum of $332.78, with interest at the rate of 8% per annum and 10% additional attorney's fees. Appellee answered specially that the note was without consideration.

Under the evidence, the note in controversy was executed by appellee, payable to appellant, on the date and in the amount alleged.

The testimony on the issue of failure of consideration was as follows: On the 21st day of November, 1931, appellee was due appellant on open account $147.04, on two promissory notes $117.11, on interest $5.85, making a total sum of $270. On that date appellee delivered to appellant the following order:

"11/21/31. American Rice Growers Association. Please deliver to Beaumont Implement Company 216 sacks Lady Wright rice which you hold. Beaumont Implement Company will assume charges of 75 cents a sack advance on same; all charges for sacks will be paid by O. D. Clubb. (Signed) O. D. Clubb."

Appellant accepted this rice, and credited appellee on its books with its value at $2 per sack, making a total sum of $432, less the 75 cents per sack as per the recitation in the order. The value of the rice at $2 per sack fully discharged the item of appellee's indebtedness to appellant, in issue in this case. In April following the delivery of the order, appellee executed to appellant his note in the sum of $270. The note in controversy was executed by appellee in renewal and extension of the original note.

Appellee testified that the rice was delivered by him to appellant, and accepted by appellant, in full discharge of his indebtedness. He testified further that the 216 sacks of rice was only a small part of his rice crop, all of which was stored with the American Rice Growers Association; that all of his rice was subject to outstanding liens at the time he executed his order; that appellant knew of these liens and accepted his rice, subject to these outstand-

ing liens, but that, notwithstanding these liens, the rice was delivered by him to appellant, and accepted by appellant in full discharge of his indebtedness in the sum of $270; that had appellant received more than $2 per sack for the rice, the excess value would have belonged to appellant and not to him. He testified further that in executing the first note for the sum of $270 he thought it was in renewal and extension of other indebtedness owed by him to appellant; that he owed appellant certain other notes and amounts, and it was his intention that this first note should cover certain of these other items; he testified to the same facts as to the execution of the note in controversy; that he did not know that appellant was contending that the indebtedness first described above had not been paid until after the note in controversy had been executed.

Appellant's testimony was to the effect that it took the order, the rice to be sold for appellee's account and the proceeds to be applied as a credit on the indebtedness in issue, and that it received nothing under the order; that the oustanding liens consumed all of appellant's rice. The case was sent to the jury on the following special issues, answered as indicated:

"Do you find from a preponderance of the evidence that the account represented by the open account and two notes was settled and discharged by Defendant Clubb by the transfer of his equity in the 216 sacks of rice?" Answered "Yes."

"Do you find from the preponderance of the evidence that there was a dispute between plaintiff and defendant over the question of wheather the account was discharged when the note sued on was made?" Answered "No."

On the verdict, judgment was entered against appellant that it take nothing against appellee, and in appellee's favor for all costs incurred.

The evidence, as summarized above, raised the issue, and supports the jury's finding, that appellant accepted the order given to it on the 21st day of November, 1931, by appellee in discharge of the indebtedness of $270. On the testimony, it is immaterial that when appellant settled with American Rice Growers Association it received nothing for its rice; that the rice was consumed by the prior liens. There were two theories of the contract on which the rice was delivered; appel-

lant's theory, that it was delivered as a credit; appellee's theory that it was delivered in discharge of the indebtedness. The jury found in favor of appellee.

Issue No. 1 was not subject to the following exception: "Plaintiff objects to Issue No. 1 submitted to the jury for the reason that it assumes an order for 216 sacks of rice to be an assignment of the defendant's equity of redemption in said rice, contrary to the language of the order itself."

The judgment of the lower court is affirmed.