**Lee R. TINNIN, Appellant,**

v.

**H. W. CROOK dba H. W. Crook Construction Company, and H. W. Crook Construction Company, Inc., Appellee.**

**No. 5387.**

Court of Civil Appeals of Texas.

El Paso.

March 16, 1960.

Rehearing Denied April 6, 1960.

Collins, Langford & Pine, El Paso, for appellant.

Edwards, Belk, Hunter & Kerr, El Paso, for appellee.

FRASER, Justice.

The appellant, Lee R. Tinnin, brought suit against defendant-appellee. The nature of said suit is substantially as follows:

Plaintiff brought his suit asking to be relieved of a contract to purchase a home and to be further relieved of all the obligations entered into thereunder, and for any further relief to which he might be entitled.

Plaintiff entered into the original contract of sale by instrument entitled, "Earnest Money Receipt and Contract of Sale",

dated February 24, 1958. This document purported to convey a residence located at 4500 Frankfort Street, El Paso, Texas. Some time after this instrument was executed, plaintiff alleges that the house suffered deteriorative damage, in that the patio split, cracks appeared, and a wall buckled. On July 19th, plaintiff and defendant entered into what was presumably intended to be an accord and satisfaction, or new contract. In this instrument defendant agreed to restore the house to "A-1 condition", including exploratory engineering and repair, if necessary, with regard to the possible existence of water or water-soaked clay under the slab foundation. This document further provided that if it was concluded that the house could not be repaired, then defendant would build the same house on any lot selected by plaintiff, said lot not to exceed $4,000 in cost. Defendant had until August 21, 1958 to begin these repairs. This agreement was signed by both parties and, apparently, approved by their respective attorneys. However, on August 4, 1958 the parties entered into another agreement, also entitled "Earnest Money Receipt and Contract of Sale", whereby plaintiff contracted to buy property valued at about $35,000, located on Fillmore Street, and was to be given full credit for the value of the house purchased in the original agreement of February 24th. This house, however, was apparently already built. Plaintiff refused to accept this house, claiming it had been fire damaged.

Plaintiff has brought his suit on the original contract of sale, dated February 24, 1958, and did not, apparently, ask any recovery under the other two instruments.

Defendant filed his motion for summary judgment, which was traversed by the plaintiff, both parties filing affidavits in support of the motion and the answer thereto. The court, after due hearing, granted the defendant's motion for summary judgment.

Defendant's position was that none of the instruments involved were ambiguous, and therefore needed no and were not entitled to any explanatory parol evidence; further, that the second instrument, dated July 19, 1958, was an accord and satisfaction, which terminated all matters with reference to the original contract of February 24, 1958. Defendant then states that plaintiff's pleadings are faulty, and maintains that plaintiff is here suing on a contract which has been abrogated and terminated by mutual consent—to-wit, the accord and satisfaction—and that plaintiff's pleadings are so faulty that the summary judgment was properly granted as a matter of law.

We believe that the court probably should not have granted summary judgment in this case. It will be noted that the second contract, called by defendant "an accord and satisfaction", describes the consideration as follows:

> "In consideration of the said Lee R. Tinnin and wife, Wanga B. Tinnin, refraining from bringing legal action against the said H. W. Crook Construction Co., Inc., *at this time* * * *." (Emphasis ours.)

We do not feel that such instrument can, or could be, a proper and permanent determination of the disputes between the parties, and that fact questions need to be answered before proper judgment can be entered. In the first place, there is a serious question here as to whether this document is an "accord and satisfaction", because of the wording of the consideration as quoted above. Plaintiff asserts that the repairs were not made; defendant says they were. Plaintiff stoutly denies that the instrument was in settlement of their difficulties and denies that it was an accord and satisfaction. It may be that plaintiff can seek to recover on either instrument, but we do not believe he should be required to abandon all rights under his first contract because of his instrument of July 19th. Alexander v. Handley, Tex.Civ.App., 123 S.W.2d 379, affirmed Tex.Com.App., 136 Tex. 110, 146 S.W.2d 740. We say this because we think there remains a fact question as to whether or not defendant did make the repairs, or

offered to, and this is peculiarly important because it will be noted that the third contract, dated August 4th, occurred before defendant was actually obligated to begin the repairs. Nor can it be said that the alternate provision was, or was not, carried out, as the third document was not concerned with the building of the house on another lot, but a brand-new purchase of another piece of property. We think that justice will be better served if this case is tried on its merits, and determination had with reference to the matters involved herein as outlined above.

In short, we do not believe that the defendant was here entitled to a summary judgment. The second instrument does not seem to us to be of sufficient force and dignity to have eclipsed and canceled the original contract. The document itself recites, as its consideration, that the plaintiff agrees not to sue "at this time". This document was signed July 19th, and plaintiff did not file his petition, according to the record here, until December 19th. There may well be a fact question involved as to what the words, "at this time", mean. In other words, had that time elapsed by December, when plaintiff filed his suit, or what would a reasonable time be under such provision?

*Prerequisites of Summary Judgment:* Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Ridenour v. Wilkes, Tex.Civ. App., 283 S.W.2d 401.

*When Question of Sufficiency of Accord and Satisfaction Is for the Jury:* 1 Tex. Jur.2d 246; McCarty v. Humphrey, Tex. Com.App., 261 S.W. 1015; King v. Cliett, Tex.Civ.App., 31 S.W.2d 350; Turner v. Pugh, Tex.Civ.App., 187 S.W.2d 598.

*Effect of Failure or Refusal to Carry Out Terms of Accord and Satisfaction:* 9 Tex. Jur. 350–51.

For these reasons, the decision of the trial court is reversed, and the case remanded for trial on its merits.