**E. G. GASPERSON et ux., Appellants,**

**v.**

**R. L. MORRIS, Appellee.**

**No. 16361.**

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 2, 1962.

Rehearing Denied Dec. 7, 1962.

Wade, Davis, Callaway & Marshall, and Clyde M. Marshall, Jr., Fort Worth, for appellants.

Woodruff, Morgan, Woodruff & Nobles, Decatur, McDonald, Sanders, Nichols, Wynn & Ginsburg and Atwood McDonald, Fort Worth, for appellee.

MASSEY, Chief Justice.

Parties other than plaintiff R. L. Morris and defendant E. G. Gasperson may and will be disregarded for purposes of resolving our action on appeal.

Plaintiff Morris was at all material times a banker who operated a private bank in Wise County, Texas. Defendant Gasperson was an individual whose activities were in whole or in part those of buying, selling and trading in cattle.

Under plaintiff's theory of the lawsuit he had loaned money to the defendant which was used by the latter to finance the purchase of cattle with notes taken in evidence of the indebtedness. He sued for the balance owing under the several notes. Under defendant's theory the money had not been so loaned but was in reality capital advanced by the plaintiff to a joint enterprise of plaintiff and defendant, to-wit: a cattle trading partnership, under an oral agreement that the amount represented by the last note executed by the defendant to plaintiff was a bookkeeping memorandum stating the parties' investment in cattle on hand at time of the execution of the note. Further, it was a part of defendant's theory that at the time each new note was executed it was the intention and agreement of the parties that prior notes were cancelled and the amount shown thereon (to constitute a balance of liability) merged into the new note. Further, that credits thereon were to be shown as cattle were sold and the proceeds from the several sales delivered to the plaintiff, he having agreed to assume the responsibility of keeping account of amounts delivered to him for the purpose, and also the times of receipt. Still further, it was defendant's contention that plaintiff had been paid a total amount more than sufficient to pay the parties' investment in cattle, the amount shown as balance owing on the last of the note instruments executed by him, and that a balancing of accounts, which plaintiff refused, would disclose that plaintiff was indebted to him.

Trial was begun before a jury. After a prima facie case of liability was made on the unpaid balances shown on the notes sued upon, under plaintiff's theory, the defendant attempted to establish defenses asserted under his pleadings.' The trial court was of the opinion that the tendered testimony constituted an improper attempt by defendant to vary the terms of the note instruments in violation of the parol evidence rule. Defendant's tendered evidence was excluded. The case was withdrawn from the jury and a judgment was rendered in behalf of the plaintiff. The defendant appealed.

Judgment reversed, with cause remanded for another trial.

No contention of impropriety is made to the court's action in sustaining the defendant's plea of limitation to a 1952 $30,000.00 note, being the note executed next preceding one for $11,667.91 in 1953, and which was the note most recently executed to the plaintiff. It was shown by the face of the record, before there was any necessity to introduce evidence, that defendant's plea of limitation interposed against the 1953 note should have been sustained, for suit on this note was filed four years and five days after the date it was made and was a "demand" note. It was for the unpaid balance shown on this and three other demand notes that plaintiff obtained judgment.

■ Plaintiff argues that there was no sufficient plea of limitation as applied to the 1953 note, but we do not agree. It was one of a group of notes upon which plaintiff's claim for relief was founded. The extent of defendant's pleading in response to plaintiff's preceding pleading upon all of said notes contained defendant's averment thereupon as follows: "Defendants further allege and say that all of the notes herein sued upon are barred by the statutes of limitations of two and four years." We hold that said averment effectively and sufficiently sets forth affirmatively the defense of the four-year statute of limitation. Texas Rules of Civil Procedure 94 "Affirmative Defenses".

In connection with the other three notes upon which judgment for the plaintiff was rendered like defenses under the four-year statute of limitation were set up by the language we have quoted from the defendant's answer, and by additional language which unquestionably raised that defense and also the affirmative defense of laches. As to each note, fact issues either were raised upon the trial, or might have been but for what we believe was an erroneous exclusion of evidence. These issues related to the matter of the delay and excuse therefor, if any, in the prosecution of plaintiff's action for recovery on the notes. Citations were timely issued and served in each instance, but a period of years elapsed before there was any further activity pursuant to plaintiff's prosecution of suit or suits upon the various notes.

■ Although, as we have stated, the plea of limitation advanced against the 1952 $30,000.00 note was sustained and the plea of limitation asserted against the 1953 $11,667.91 note should have been sustained, circumstances attendant to the execution of these notes are important. The importance of attendant circumstances bears upon the defendant's resistance to plaintiff's action upon notes theretofore executed by him upon which judgment for plaintiff was rendered in the case. Those notes were as follows: (1) an $80,000.00 note dated November 7, 1951, as to which the judgment awarded $21,078.24 as the balance owing on the principal, (2) a $36,000.00 note dated March 13, 1952, as to which the judgment awarded $24,467.34 as the balance owing on the principal, and (3) a $51,000.00 note dated June 7, 1952, as to which the judgment awarded $33,823.15 as the balance owing on the principal. Additionally, in each instance or as to each principal balance, interest and attorney's fees were awarded.

The defendant desired to produce evidence showing that the plaintiff agreed at

the time the 1952 $30,000.00 note was executed all indebtedness theretofore owing by him to the plaintiff was cancelled and/or paid by merger into said $30,000.00. Further, the defendant desired to produce evidence showing that the plaintiff agreed at the time the 1953 $11,667.91 note was executed that all indebtedness theretofore owing by him to plaintiff (on the $30,000.00 note) was cancelled and/or paid by its merger into said $11,667.91. Indeed, it was defendant's desire to establish by evidence that in every instance of the execution of a note (save and except for certain notes executed by him along with one Hickey, as to which no complicating explanation is necessary to be made) it was agreed that plaintiff's consideration therefor included his agreement that any prior balance owing to him by defendant, upon existing notes stood settled, paid and fully satisfied by merger into each newly executed note. Obviously a fact issue thereon with a favorable fact finding made would entitle defendant to a judgment denying all of plaintiff's claims.

Furthermore, it is to be remembered that defendant was asserting an additional defense in that he was contending that as of the time of the execution of each note there existed property in the form of cattle, title to which was jointly in plaintiff and defendant; that the indebtedness balance showing on each currently executed note represented an investment by both plaintiff and defendant in the existing cattle; and that an oral agreement existed, in the nature of a partnership agreement, that upon disposition of all the cattle the proceeds of the sale thereof would be first applied to the bills for care and feeding, etc., then to the parties' indebtedness (as to a bank) represented by the note, with the excess evenly divided between the plaintiff and defendant as profit. We do not consider defendant's contention in this regard to be contradictory of or inconsistent with his defense of novation to the notes he had executed.

We return to the matter of defendant's desire to show the extinguishment of his prior note indebtedness (assuming, as is necessary to be done for the purpose, that indebtedness was its character) as of the time each new note was executed by carrying the prior amount owing forward and merging it into such new note. Proof thereof would have particular application to the three notes executed in 1951 and 1952. The plaintiff objected to the testimony and evidence tendered by defendant in proof thereof on the ground that its reception would violate the parol evidence rule. Plaintiff's objection was sustained. Defendant perfected his record by bills of exception and thus presents to this court the tendered evidence. We are of the opinion, and so hold, that the trial court erred in excluding defendant's evidence and that the erroneous exclusion of the evidence constituted reversible error under T.R.C.P. 434, "If Judgment Reversed".

The parol evidence rule is based on the theory that the reduction of a transaction to a final written form supersedes prior and contemporaneous agreements which are repugnant to the terms of the writing; thus, there is nothing in the rule which forbids parol proof of subsequent verbal agreements. To agree that a new note supersedes a prior note does not violate the rule with respect to such prior note, because it is an agreement made subsequent to the prior writing. It does not violate the rule as to the new note, because it is not repugnant to, but explanatory of, the terms of the new note. The expression "value received" in a note is not contractual in the sense that it is promissory. All of the notes under consideration recite that they were given "for value received (from plaintiff)", so that the tendered proof would, as to the consideration provided by plaintiff, interpret and inform and explain the term or phrase. McCormick and Ray, Texas Law of Evidence (2nd Ed.), ch. 30 "The Parol Evidence Rule", particularly secs. 1613 and 1671 (secs. 729 and 745 in 1st Ed.).

Furthermore it is to be remembered that it is the defendant's contention, and one of the theories under which he defended plaintiff's action and prosecuted a cross-action, that as of each date on which a new note was executed that the partnership account (according to plaintiff's representations to him) was brought current so that the up-to-date partnership agreement, or new partnership agreement as of the time, was that the face amount of the new note correctly represented the investment of plaintiff and defendant in cattle on hand and being held for trading purposes. Obviously two parties may on the same day enter into a note contract and also a contract creating a mercantile partnership. In such event neither contract would supersede the other, as there would be nothing in the parties' relationship which would indicate that they were not meant to stand together. Each contract would be "collateral" to the other, which is merely to affirm that there is no rule preventing parties from having in effect at the same time as many distinct contracts as they please. McCormick and Ray, Texas Law of Evidence, sec. 1631, " 'Collateral' Agreements not Covered by the Writing—(a) Basis of the 'Collateral' Agreement Doctrine", (sec. 735 in 1st Ed.).

Defendant has advanced additional points of error directed toward the action of the trial court in excluding his evidence under the parol evidence rule. Since we are satisfied that the evidence was erroneously excluded under our holding and discussion above we see no necessity to further lengthen this opinion in additional discussion of said points.

Defendant has presented numerous other points of error upon which he urges this court to rule and discuss even though we reach the conclusion we have reached upon the points heretofore discussed, on the theory that the trial court would have need of guidance upon the occasion of another trial. From an examination of defendant's points we have concluded that the errors complained of primarily resulted by reason of the trial court's opinion and ruling that the parol evidence rule foreclosed the reception of defendant's proffered evidence. We do not anticipate that the events giving rise to complaint will necessarily again occur upon another trial. Therefore we deem further discussion unnecessary and forego compliance with the request. We will take occasion to state that we find no error in the action of the trial court in consolidating for a single trial defendant's cross-action and plaintiff's several suits against the defendant. Neither do we find error in the court's denial of the defendant's motion for a change of venue.

Judgment is reversed and the cause remanded.