**Marvin M. SANDERS, Appellant,**

v.

**Marc CLOUD, Appellee.**

**No. 4545.**

Court of Civil Appeals of Texas.

Waco.

Dec. 8, 1966.

Rehearing Denied Dec. 22, 1966.

Jimmy Morris, Mays, Jacobs & Pevehouse, Corsicana, for appellant.

Roe, Ralston & Brown, Corsicana, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Sanders from judgment on instructed verdict against him, in favor of plaintiff Cloud, in a suit on 15 notes.

Plaintiff sued defendant for $3,000 (plus interest) on 15 notes of $200 each, payable on demand, which plaintiff alleged defendant signed and delivered to American National Insurance Company, and for which defendant received value. Plaintiff further alleged he signed the notes as an accommodation maker; that defendant did not pay American; that American demanded payment from plaintiff; that plaintiff paid the notes, and American assigned same to plaintiff. Defendant answered, pleading absence of consideration, and payment with earned commissions owing by American.

Trial was to a jury. At the conclusion of the evidence plaintiff moved for instructed verdict which was granted by the trial court. The trial court thereafter entered judgment on the verdict for $3,437.50. ($3,000 plus interest).

Defendant appeals on 8 points, contending the trial court erred:

1) In sustaining exceptions to his pleading, and not permitting him to introduce certain evidence.

2) In instructing verdict for plaintiff, an issue of payment having been made by the evidence.

Plaintiff is Area Agent for American National Insurance Company. He recruited defendant to become an insurance agent for American. Defendant borrowed some $22,000 from American represented by 110 notes for $200 each. Plaintiff signed each note as an accommodation maker. Defendant received all of the money represented by the notes; plaintiff received none of such money. 88 notes were paid by defendant; 22 notes were unpaid when defendant ceased working for the company; 7 of the unpaid notes were barred by limitation; American demanded payment of plaintiff of the remaining 15 notes (of $200 each). Plaintiff paid same, received assignment of the notes from American, and brought the instant suit against defendant.

Defendant pled and sought to introduce evidence that the notes were not to be legal obligations; that he was merely signing a memorandum showing the amount paid him as salary as an advancement against future earned commissions; and that there was no consideration given for the notes. The trial court sustained exception to defendant's pleading of the foregoing, and refused to admit evidence in support of same.

The notes are in evidence and are valid and unconditional upon their face. Defendant's 1st contention is that he should have been permitted to plead and prove that he had been told he would not be held liable on the notes.

■ A promissory note cannot be contradicted by parol that it is not absolutely payable, or that it is payable in anything other than money. Lawther Grain Co. v. Winniford, Tex.Com.App., 249 S.W. 195; Robertson v. City Nat. Bank, Comm.App. adopted, 120 Tex. 226, 36 S.W.2d 481; Distributors Inv. Co. v. Patton, Comm.App. adopted, 130 Tex. 449, 110 S.W.2d 47; Mitcham v. London, CCA (nwh) 110 S.W. 2d 140; Jones v. Hubbard, CCA (nre), 302 S.W.2d 493.

■ Plaintiff contends an issue of payment was made since the record reflects he earned some $13,738 in commissions which he testified he had not been paid. The evidence is undisputed that plaintiff signed 110 notes for a total of $22,000; that plaintiff had been credited with payment of 88 notes (for $17,600); that 7 notes for $1400 were barred by limitation; leaving 15 notes for $3,000 which plaintiff paid as endorser to American and received assignment on, and sued for in the instant case. No issue of payment was made and the instructed verdict was proper.

All defendant's points and contentions are overruled.

Affirmed.