Glenn RANDELL, Appellant,

v.

LUBBOCK NATIONAL BANK et al.,
Appellees.

No. 4364.

Court of Civil Appeals of Texas,
Eastland.

Feb. 12, 1970.

On Rehearing March 20, 1970.

Rehearing Denied April 24, 1970.

Cox & Hurt, Plainview, for appellant.

Key, Carr, Evans & Fouts, Lubbock, for appellees.

WALTER, Justice.

Glenn Randell filed suit against the Lubbock National Bank for conversion of his motorcycle and against American National Insurance Company on a policy of Credit Disability Insurance issued by the company

in connection with a loan made by the Bank to Randell. The defendants' motion for summary judgment was granted and the plaintiff has appealed.

C. R. Muse sold Glenn Randell the motorcycle. Randell secured a loan from the bank for $822.00 and executed a note and security agreement. The instrument is dated March 29, 1968, and provides that Randell will pay the note in fifteen monthly installments of $54.80 each. To secure payment of the note, Randell granted the Bank a security interest in the motorcycle he purchased and Muse signed the note with Randell.

The Bank filed the affidavit of its loan officer Mr. Huckabee in support of its motion for summary judgment. His affidavit reveals that after the note was signed on March 29, 1968, Randell made his first payment on May 1, 1968; that the Bank agreed to postpone the June Payment until July; that he learned on June 17, 1968, that Randell had been injured and mailed him an application for disability benefits under the credit insurance taken out in connection with the loan; that the insurance company paid $29.23 on July 29, 1968, which was applied by the Bank to the note. The company mailed the Bank some claim forms at the time it made the $29.23 payment which forms were to be signed by Randell's doctor; that the Bank mailed these forms to Randell and the Bank's letter was returned to it unclaimed; on July 10, 1968, Randell borrowed $110.00 from the Bank to pay storage on his motorcycle; that the money was not used for that purpose and the Bank paid the storage bill and picked up the security; that the Bank called on the co-signer to pay the note and Mr. Muse did pay the note on August 19, 1968, and the Bank delivered the note and the motorcycle to Mr. Muse and notified Randell of their action. The affidavit further reveals that:

"At the time that the motorcycle was repossessed the note was delinquent and we have had no contact with Mr. Randell for approximately 30 days. The repossession was carried out pursuant to the powers granted to us in our security agreement executed by Mr. Randell, a copy of which is attached hereto."

The Bank recognizes that we are to disregard all conflicts in the evidence and consider the evidence which supports Randell's position; that if there is uncontradicted evidence from Mr. Huckabee, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. The Bank further recognizes the fact that it has the burden of proof and that all doubts as to the existence of a genuine issue as to a material fact are resolved against it. There are rules which have been laid down by the Supreme Court in summary judgment cases. Valley Stockyards Co. v. Kinsel, 369 S.W.2d 19, (Tex.Sup.Ct., 1963).

A circumstance tending to discredit the loan officer's evidence is his irreconcilable testimony "that at the time the motorcycle was repossessed the note was delinquent and we had no contact with Mr. Randell for approximately 30 days. The record reveals that the motorcycle was repossessed on the 29th day of July, 1968 and the loan officer's affidavit states that Randell borrowed an additional $110.00 from the Bank on July 10, 1968.

The loan officer in his affidavit states: "The repossession was carried out pursuant to the powers granted to us in our security agreement executed by Mr. Randell." Under Section 8 of the security agreement we find six conditions under which the debtor will be considered in default. Also, the original of the security agreement was not attached to the pleadings, or to an affidavit presented in support of the motion or by deposition. This conclusion of the witness is not direct and positive as to the specific reason for repossession.

The security agreement shows that Randell was charged $10.28 for his insur-

ance that he took out in connection with his loan. He sets forth in his affidavit that at the time he secured his loan, Mr. Huckabee informed him that he would be covered by a policy of Credit Disability Insurance. He did not give Randell a copy of the policy or give him any further information other than to say that in the event Randell was disabled during the term of the loan, the credit disability policy would provide benefits to meet the payments on the loan. On the day he made the loan, while riding his motorcycle he was involved in an accident and broke his leg. Randell also states that at the time he borrowed the $110.00 on July 10th, Mr. Huckabee did not make any claim that he was in default. Mr. Huckabee told him at such time that the Bank would be able to collect the payments from the Credit Disability benefits. He further states in his affidavit that Mr. Huckabee had agreed to continue his loan on the basis of the Bank receiving the disability payments. We find that the testimony of the interested witness, Mr. Huckabee, does not come within the exception to the general rule that the testimony of such a witness does no more than raise an issue of fact.

The record shows without dispute that American National Insurance Company has paid Randell all benefits due him under the policy.

The judgment in favor of the Bank is reversed and the cause is remanded in so far as the Bank is concerned. The judgment in all other respects is affirmed.

## ON RANDELL'S MOTION FOR REHEARING.

Randell asserted a cause of action for damages against the insurance company for its failure to timely pay the benefits under the policy. He says if it be determined that the Bank lawfully repossessed his motorcycle, then in that event, the failure of the insurance company to timely pay the benefits caused him to lose his motorcycle which he says is worth $1700.00.

The summary judgment proof offered by the insurance company in support of its motion for summary judgment was the affidavit of the company's claim consultant. A specimen copy of the certificate of insurance was attached to his affidavit. He states in his affidavit that as a prerequisite to the company's liability, notice and proof of claim must be made by the *Debtor*.

The policy provides:

"The *creditor* shall report all notices and proofs of loss to the Company upon forms furnished by the Company."

The insurance company's point that it was not obligated to pay until the Debtor had filed notice and a claim has no merit because it was not Randell's duty to file such notice and claim. Following the rules laid down by our Supreme Court, referred to in our original opinion, we find the affidavit of the interested witness does not establish as a matter of law that there is no genuine issue of fact. His evidence does not come within the exception to the general rule that the testimony of an interested witness does no more than raise a fact issue.

Appellant's motion for rehearing is granted and the judgment granting the insurance company's motion for summary judgment is reversed and this cause in its entirety is remanded.