**S. L. MEEK et ux., Appellants,**

**v.**

**James C. CAIN et al., Appellees.**

**No. 475.**

Court of Civil Appeals of Texas, Tyler.

March 19, 1970.

Rehearing Denied April 9, 1970.

John W. Key, Jr., James R. Kittles, Athens, for appellants.

Fred V. Meridith, Terrell, for appellees.

MOORE, Justice.

This is an appeal from an order granting a summary judgment. Plaintiffs, S. L. Meek and wife, instituted this suit against defendants, James C. Cain and A. L. Vanderford, seeking injunctive·relief. As grounds for a cause of action, plaintiffs alleged that they were the owners of land known as Meek's Deep Water Resort located on Cedar Creek in Henderson County, Texas, which property had been subdivided and consisted of numerous lots; that as owners of the lots they executed an instrument in writing, binding upon themselves and upon all future owners of the lots in question, providing restrictive covenants, which instrument was duly filed for record in the deed records of Henderson County, restricting the use of the lots to residential purposes; that such instrument recited as follows: "These restrictions shall be in force for 20 years and shall automatically be extended for successive periods of 10 years each unless an instrument signed by majority of the then owners of the lots in Meek's Deep Water Resort expressing their desire to change." Plaintiffs further alleged that defendant, A. L. Vanderford, was operating a marina known as Cedar Creek Landing which adjoined their addition on the west; that defendant Vanderford with the authorization and consent of defendant, James C. Cain, was using lots Nos. 28, 29, 30 and 31 of said Meek's Deep Water Resort for commercial use, placing signs on said lots, renting lots for parking by campers and allowing campers to use the lots commercially, all in flagrant violation of the foregoing restriction placed upon the property. Plaintiffs' prayer was for a temporary injunction, pendente lite and for a permanent injunction upon final hearing.

Defendants answered the suit with a plea in abatement and a general denial. They also filed a motion for summary judgment alleging that James C. Cain had entered into a contract with plaintiffs to purchase 111 lots out of the subdivision for a consideration of $150,000.00 and that as a result of this contract the plaintiffs had disposed of and sold all of their remaining lots in the subdivision except for 5 lots which they retained for themselves. Defendants further alleged that notwithstanding anything in the restrictions to the contrary, they had obtained the written consent of a majority of the then owners of all of the lots in the subdivision agreeing that the restriction might be lifted on lots 28, 29, 30 and 31 and that such lots could be used for commercial purposes. They further alleged that such written consent by a majority of the owners had been duly filed for record. Based upon these allegations, defendants asserted in their sworn motion for summary judgment that since a majority of the owners had agreed to lift the restriction, there was no disputed issue of fact to be decided and that they were entitled to a summary judgment or a declaratory judgment as a matter of law. The motion for summary judgment was supported by the joint affidavit of both defendants setting forth the foregoing facts. However, neither the contract of purchase nor the instrument showing a consent by a majority of the then owners to change the restriction was attached to the motion or made an exhibit thereto. Defendants' proof in support of their motion is based solely upon their affidavit.

Plaintiff, S. L. Meek, replied to the motion for summary judgment by filing his own affidavit asserting that he was the owner of 146 lots in the subdivision and that he had not consented to a change in the restrictions and therefore a majority of the then owners had not signed any instrument in writing agreeing to lift the restrictive covenants.

Subsequent to the hearing on the motion, but prior to judgment, defendants filed a trial brief and attached thereto a photostatic copy of the contract between Cain and Meek whereby Cain agreed to purchase the 111 lots, including lots 28, 29, 30 and 31. Also attached to their brief was a photostatic copy of several instruments signed by Cain and numerous other parties reciting

that the parties who signed the instrument had agreed to change the restrictive covenants so as to allow lots Nos. 28, 29, 30 and 31 to be used for commercial purposes. However, none of the instruments attached to the brief were sworn to by either of the defendants or by their attorney.

By a nunc pro tunc order entered after judgment, the trial court recited that the defendants' brief, including the copy of the contract of purchase, together with copies of instruments showing the agreement to lift the restrictions, was filed with the trial judge prior to entry of judgment and ordered that the brief, including such unsworn instruments, be forwarded to this Court as a part of the transcript.

By their first point, plaintiffs assert that the trial court erred in rendering a summary judgment in favor of the defendants based upon the unsworn copy of the contract of purchase and unsworn instruments purporting to show that a majority of the owners had agreed to change the restrictive covenant because such instruments were not attached to the motion for summary judgment and therefore constituted extrinsic evidence which was not properly before the court under Rule 166–A, T.R.C.P. Consequently, they say that when such evidence is excluded, the only summary judgment evidence before the court consisted of the conflicting affidavits of the parties wherein the plaintiffs swore that they were the owners of the lots and that a majority of the owners had not signed an instrument lifting the restrictions, and the defendants swore that they were the owners of the lots in question and that a majority of the owners had signed an instrument lifting the restrictive covenants. Thus, they say that the summary judgment evidence creates a disputed issue of material fact upon the question of ownership as well as upon the question of whether or not a majority of the owners had agreed to lift the restrictive covenant; therefore, they say that the defendants failed to comply with Rule 166–A, supra, in that they failed to demonstrate that no disputed fact issue

exists and as a result they were not entitled to a summary judgment. We have concluded that the contention must be sustained.

■■ Summary judgment is possible in this state only by virtue of the provisions of Rule 166–A. To entitle a party to a summary judgment, the provisions of this rule must be strictly complied with. Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274. The burden of demonstrating the lack of a genuine issue of material fact is upon the movant, and all doubts are resolved against him. McDonald, Texas Civil Practice, Vol. 4, p. 1392, Sec. 17.26.

■ Section (e) of Rule 166–A, speaking of forms of affidavits says, " * * * Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." It is now settled that extrinsic documentary evidence not sworn to and not attached to or served with the motion for summary judgment is not entitled to consideration in a summary judgment hearing. Rule 166–A, T.R.C.P.; Boswell v. Handley, Tex., 397 S.W.2d 213; State v. Easley, Tex., 404 S.W.2d 296.

■ Since neither defendants' contract of purchase upon which they based their claim of ownership nor any of the instruments allegedly showing a consent by a majority of the owners to lift the restrictive covenants was sworn to or attached to their affidavit or served therewith, such instruments could not constitute evidence on the motion for summary judgment. Thus, the only summary judgment evidence before the court consisted of the opposing affidavits of the parties, wherein the defendants asserted that they were the owners of the land by virtue of a contract to purchase and that a majority of the owners had signed an instrument agreeing to lift the restrictive covenants, and plaintiffs asserted that they were the owners of the property and that a majority of the owners had not signed the instrument agreeing

to lift the restrictions. Consequently, the summary judgment evidence obviously created a disputed issue of fact both upon the question of ownership and upon the question of whether or not a majority of the owners had signed an instrument agreeing to lift the restrictions. Under these circumstances, it must be held that defendants have not complied with the provisions of Rule 166–A and were not entitled to a summary judgment.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.