**Estelle HUNT et al., Appellants,**

v.

**MID-WEST LIFE AND HOSPITAL INSURANCE COMPANY, Appellee.**

**No. 8003.**

Court of Civil Appeals of Texas, Texarkana.

June 1, 1971.

David A. Lake, Nickerson & Lake, Pittsburg, for appellants.

Louise Kirk, Hornsby & Kirk, Austin, Bascom Perkins, Perkins & Perkins, Mt. Pleasant, for appellee.

DAVIS, Justice.

Plaintiffs-Appellants, Estelle Hunt, individually and in behalf of Dr. John C. Turner and Mother Frances Hospital, sued the Defendant-Appellee, Mid-West Life and Hospital Insurance Company for hospital and medical expenses, 12 per cent penalty and attorneys fees on an insurance policy that was delivered to Estelle Hunt on or about April 10, 1966.

Appellee filed a request for admissions of fact addressed to Estelle Hunt and Dr. John C. Turner. Neither of the requests was signed. Estelle Hunt admitted some of the requests and denied some others. Dr. John C. Turner admitted some of the requests and denied some others. Appellee filed a Motion for Summary Judgment. The Motion was granted. Appellants have perfected their Appeal and bring forward four points of error.

Appellants say the trial court erred in granting the Summary Judgment because there are genuine issues of material fact that were raised by the record.

First, let us say that the attorneys for the Appellants did not exactly follow the law in answering all of the requests for admissions of fact, and this they should not do in the future. They should either admit or deny the requested issues or set forth in detail the reason why such requests cannot truthfully be either admitted or denied.

We will point out to them that the requests for admissions shall be deemed admitted unless a sworn statement is delivered to the party requesting the admissions, or his attorney, as provided under Rule 169, T.R.C.P.

Appellee made many requests for admissions that do not seem to be applicable

to the suit in question. Appellee requested Appellant Hunt to admit that on March 21, 1966 (the date she made the application for the insurance policy), and April 10, 1966 (the date the policy was delivered), that she was suffering from inflammation of the gall bladder because of formation of gallstones; on March 21, 1966, that she already had gallstones; on April 10, 1966, she already had gallstones; that during 1948, she consulted Dr. R. L. Johnson because of inflammation of the gallbladder; that she was hospitalized in 1958 because of inflammation of the gallbladder; that during the year prior to April 10, 1966, she had one or more episodes because of pain from gallstones or inflammation of the gallbladder; that during the year following April 10, 1966, she suffered pain because of gallstones; that during the 12 months following April 10, 1966, she suffered from pain because of inflammation of the gallbladder; that she was not in good health when said insurance policy was received by her; that she was not free from physical or mental defects when the insurance policy was received by her; that no policy of insurance was ever issued to her by Mid-West Life and Hospital*ization* Co. (hospital*ization* was erroneously referred to by counsel for Appellants (Appellee referred to Plaintiffs' First Amended Original *Answer*, meaning their "petition" in the Motion for Summary Judgment); that she suffered from pain in the area of her gallbladder for six months prior to August 17, 1967 (the date she first saw Dr. Turner); that she suffered from pain because of her gallbladder for at least six months prior to August 17, 1967; that she suffered from varicose veins for at least two years prior to August 17, 1967; that she has suffered from varicose veins for at least one year; that she was treated by Dr. P. A. Reitz, of Pittsburg, Texas, because of pain in the area of her gallbladder prior to consulting Dr. John C. Turner; that she was referred by another doctor to Dr. John C. Turner because of pain from

gallbladder disease or stones; that she was hospitalized on the same day she first consulted Dr. Turner; that she had suffered pain from kidney cysts from at least April 9, 1967; that she had arthritis at the time she made application for said insurance policy; that she began suffering from arthritis before April 9, 1967; that she was told by Dr. R. L. Johnson in or about 1948 that she had chronic inflammation of the gallbladder; that she received benefits in connection with her hospitalization in 1967 from American Life and Accident Insurance Company (successor to Mid-West Life and Hospital Insurance Company); that she received benefits in connection with her hospitalization in 1967 from Combined Insurance Company of America; that she received benefits in connection with her hospitalization in 1967 from Legal Security Ins. Co.; that the total benefits paid to her by the three insurance companies named in Requests 26, 27, and 28 were sufficient to pay in full the hospital bill on which plaintiffs' suit is based; that she did not tell Mid-West Life Insurance Company, or said company's agent, that she had had either inflammation of the gallbladder or gallstones; that she answered "No" to the question in the application for the insurance policy inquiring if she had ever had any disease of the gallbladder or kidneys; that at the time the application inquired about was made she had already had a disease or diseases of the gallbladder; that at such time she had already had a disease or diseases of the kidneys.

First, Appellant Hunt answered the request for admission of fact that she did not fill out the application for the insurance policy, but the Agent of the Company did so. The application for the insurance policy showed Appellant Hunt to be free from any physical or mental defects. Appellant Hunt said that she was in good health and free from any physical or mental defect. She further said that she was not suffering from any disease of the heart, blood or circulatory system, eye, ear,

nose, or throat, lung, kidney, stomach, bladder, intestine or similar disorders, high blood pressure, paralysis, arthritis, cancer, diabetes, hernia, goitre or disease of the gallbladder, liver or rectum, or any other medical or surgical advice or treatment or operation in the past five years. This was offered in evidence by Appellee.

The hospital records form Mother Frances Hospital, showing the history and physical examination, and signed by Appellant, Dr. Turner, shows the following:

*"Name:* Mrs. Estelle Hunt. Room No. 467. Case No. 125384

*Attending Physician:* Dr. Turner. Date: 8–18–67.

*Chief Complaint:* Pain in the left flank and side and right upper-quadrant pain, intermittent for the past several months.

*Final Diagnosis*—Cholelithiasis

*Present Illness:* (Date and mode of onset, probable cause, course) This 63-year-old white female was seen by me for the first time 8–17–67 with history of pain in the left flank and right upper quadrant intermittent for the past several months. Patient described the left flank pain as aching cramping pain, radiating up and down the left flank and under the left rib cage. She also has a separate and independent pain in the right upper quadrant radiating around the right upper rib cage. She has had no weight loss, no nausea or vomiting, no chills or fever. No change in bowel habits, no blood in stools. *Patient is admitted for diagnostic evaluation of pain.*

*Review of Symptoms:* General Health good, weight gain.

| | |
|---|---|
| EENT | Neg. |
| CV | Neg. |
| GI | See above. |
| GU | Neg. |
| NM | Neg. |

*Past History:* D & C, no other surgery, no serious illnesses, no allergies.

*Family History:* Noncontributory.

*"Physical Findings:* (Head, Neck, Chest, Cardio, Vascular, Abdomen, Genito-Urinary, Skin, Bones and Joints, Glandular, Neuro-Muscular)

| | |
|---|---|
| Obese gr. v. | white female |
| Head | neg. |
| Neck | neg. |
| Lungs | Clear |
| Heart | Normal BP 150/90 |
| Abdomen | Huge and obese with panniculus redundant. |
| Pelvic | neg. |
| Rectal | neg. |
| Extremities | Varicose Vein |

*Provisional Diagnosis:* Abdominal pain, cause to be determined. Obesity.

/s/ JOHN C. TURNER, JR., M.D.
JOHN C. TURNER, JR., M.D.

———◆———

This record shows as the final diagnosis "Cholelithiasis." This is defined as "the presence of or a condition associated with calculi in the gallbladder or in a bile duct." There is no showing in the record of when the cholelithiasis commenced, as to whether it was an inflammation of the gallbladder, the presence of a gallstone or

stones, or a condition of a bile duct. An inflammation of the gallbladder or the presence of a gallstone or gallstones could occur within a month or two. This hospital record was offered in evidence by the Appellee. These two instruments raise questions of fact as to the good health of Appellant Estelle Hunt on each occasion in question, and the Appellee is bound thereby. Lock v. Morris (1956), Tex.Civ. App., 287 S.W.2d 500, writ ref'd, n. r. e.

Appellant, Dr. Turner, in answer to his request for admission of fact, denied that Appellant Hunt gave a medical history; denied that such medical history given by Appellant Hunt included the statement that she had chronic inflammation of the gallbladder; denied any medical history given by Appellant Hunt, including statements indicating that she had cysts of both kidneys for the past several months prior to August 17, 1967; denied any medical history given by Appellant Hunt, including statements indicating that Appellant Hunt had had cysts on both kidneys for at least 4½ months prior to August 17, 1967; and denied any medical history given by Appellant Hunt that she had been suffering from arthritis for several years. These denials create issues of material fact.

Appellants allege that the insurance policy sued upon was delivered on April 10, 1966. They further alleged that they filed the Proof of Loss and Appellee had refused to pay the same.

Appellee alleged many of the exclusions that are contained in the insurance policy. They are sicknesses and diseases involving a kidney or kidneys, gallbladder, arthritis, and blood or circulatory systems, among many other sicknesses and diseases, unless the policy has been in full force for a period of at least 12 months. It seems that the only illness complained about in this lawsuit pertains to the gallbladder. According to medical history, and to use a slang expression, inflammation of the gallbladder and gallstones more commonly occur in women who are obese, past forty years of age, and have four or more children.

The record shows Mrs. Hunt to be a woman, extremely obese, and 63 years of age. There is no showing of how many children she had. Inflammation of the gallbladder and gallstones may occur immediately and they may occur over a period of several years. Such facts can only be proved by a scientific system, by x-rays taken at particular dates in the past examined by a physician. These facts are not shown in the record. Appellant Hunt might have had an instant attack of inflammation of the gallbladder, and probably did so because of the denials of Appellant Dr. Turner that she did not have any gallbladder trouble 4½ months prior to the time he first saw her on August 17, 1967. This, within itself, creates a genuine issue of material fact that must be decided by the Court or Jury.

We must look at all of the evidence in the light most favorable to the party opposing the Summary Judgment. All doubts about the inference from the evidence in the record show a genuine issue of material fact must be resolved against the party moving for a Summary Judgment. Gulbenkian v. Penn, 1952, 151 Tex. 412, 252 S.W.2d 929; Smith v. Boland, 1954, 153 Tex. 486, 271 S.W.2d 93; Gardner v. Martin, 1961, 162 Tex. 156, 345 S.W.2d 274; 4 McDonald's Texas Civil Practice 1392, Sec. 17.26 (V.I.) Great Amer. Reserve Ins. Co., 1965, Tex.Sup.Ct., 391 S.W.2d 41.

The Texas Supreme Court has recently held that Summary Judgment proof must conclusively negate any material issue of fact. King v. Flamm, 1969, Tex.Sup.Ct., 442 S.W.2d 679.

Many of the facts requested by Appellee did not pertain to any genuine issue of material fact, as a defense, to any of the material facts alleged by Appellants. Appellants were not sued because of arthritis, kidney diseases, or varicose veins. The request for admission of facts about these factions were unmeritorious and untenable defenses. The facts which must be ad-

mitted must be admissible as if the case were being tried upon its merits. Under the pleading of appellants, we do not believe that the facts requested about the arthritis, kidney diseases, and varicose veins would have been admissible under Rule 166–A and 169 T.R.C.P., and under the Rules and Laws of Evidence. In re: Price's Estate, 1964, Tex.Sup.Ct., 375 S.W.2d 400; Richards v. Allen, 1966, Tex.Sup.Ct., 402 S.W.2d 158; Gaines v. Hamman, 1962, 163 Tex. 618, 358 S.W.2d 557.

As we view the record, there are material issues of fact raised by the appellants sufficient to prevent the trial court from rendering a summary judgment against them.

The Judgment of the court is reversed.

The cause is remanded.