Thano DAMERIS, Appellant,

v.

HOMESTEAD BANK, Appellee.

No. 16058.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

April 5, 1973.

Rehearing Denied May 10, 1973.

David A. Gibson, Houston, for appellant.

J. Clifford Gunter, III, Paul D. Bacon, Houston, for appellee; Bracewell & Patterson, Houston, of counsel.

EVANS, Justice.

This is an appeal from a summary judgment rendered by the trial court in favor of appellee Homestead Bank against appellant Thano Dameris in a suit on a promissory note. We are of the opinion that the summary judgment must be reversed and the cause remanded for a trial on the merits.

Appellant asserts, in two points of error, that the trial court erred in holding as a basis for its summary judgment that the evidence established, as a matter of law, that there were no genuine issues of material fact, and in his third point of error appellant asserts that the evidence before the trial court conclusively established his defense of accord and satisfaction which discharged his debt to appellee.

Appellee did not file affidavit controverting the factual statements contained in appellant's affidavit filed in response to appellee's motion for summary judgment and for the purposes of this appeal we must consider such statements to be true. Railroad Commission of Texas v. Sample, 405 S.W.2d 338 (Tex.Sup.1966); Frazier v. Glens Falls Indemnity Company, 278 S.W.2d 388 (Tex.Civ.App.—Fort Worth 1955, ref., n. r. e.).

As evidenced by the factual statements contained in appellee's motion and brief and in appellant's affidavit and the documents incorporated therein by reference, the evidence before the trial court upon such motion for summary judgment may be briefly stated as follows: In January, 1971, appellant as maker executed a promissory note to appellee as payee in the principal amount of $48,341.25, which note was secured by appellee's interest in certain oil and gas leases. In July, 1971, appellee brought this suit against appellant alleging default in the payment of said note and seeking recovery of the alleged debt, interest and attorney's fees. In August, 1971, the month following the filing of this suit appellant states that he, acting

upon specific instructions of appellee, consummated a transaction with appellee and a third party which fully satisfied and discharged his obligation to appellee. In effecting this transaction appellant assigned his interest in the oil and gas leases to such third party and reserved therein an oil production payment on a ⅟₃₂ overriding royalty interest for the total sum of $45,761.06 plus interest from the date thereof at the rate of 10% per annum until paid. Said assignment recited a consideration of $10.00 and other good and valuable considerations in hand paid and the additional consideration of the assignee's agreement to begin drilling of a well on or before July 15, 1972. Contemporaneously with said assignment to said third party appellant also executed an assignment to appellee of all interest in said production payment which had been reserved in the assignment to said third party. This assignment also recited a consideration of $10.00 and other good and valuable considerations in hand paid. Appellant's assignment to said third party was transmitted by appellee's attorney to a Dallas bank for collection with instructions for delivery thereof upon payment to appellee of the sum of $5,000.00 and a letter agreement signed by said third party agreeing to the aforementioned drilling commitment. There was also transmitted to said Dallas bank a release executed by appellee of its liens under the deed of trust, assignment and security agreement which declared that all liens were fully released and discharged, such release reciting that it was given "for good and valuable consideration". Appellant's said affidavit further reflects that all of the aforementioned documents were prepared by appellee pursuant to appellee's negotiations with said third party and that the entire negotiations pertaining to said transaction had been handled directly by appellee with said third party and that appellant had no part in the drafting of said instruments or in the collection of said consideration or in the forwarding of said documents and that the only participation of appellant with respect thereto was the execution of said assignments upon the directions of appellee. In summary, appellant states in his affidavit that he is not indebted to appellee in any amount and that the transfer to appellee of the sale proceeds of the oil and gas leases and of the reserved production payment interest was done pursuant to the specific instructions of the appellee as accord and full satisfaction of his debt under the note.

Under the facts as set forth in appellant's affidavit appellee received an unconditional transfer of money and property which appellant states was a full and complete settlement and discharge of his obligation to appellee. On the face of the record, therefore, it does not appear that the production payment was merely "retained" by appellee as collateral for the note and there is nothing to indicate that the assignment of such production payment to appellee was other than an absolute transfer. The record does not reflect the actual value of said production payment at the time of said transfer but there is indication that appellee considered same to have some potential value in view of its requirement of the one year drilling commitment as a condition to consummation. In this respect it is noted that the appellee's motion for summary judgment was not filed until after expiration of said one year period stipulated for the performance of said commitment.

A matured claim for money, even though liquidated and undisputed, may be discharged by delivery and acceptance of property regardless of its value. Turner v. Pugh, 145 Tex. 292, 197 S.W.2d 822 (1946); Overton v. Conner, 50 Tex. 113 (1878); Bradshaw v. Davis, 12 Tex. 336 (1854); Shelton v. Jackson, 20 Tex.Civ. App. 443, 49 S.W. 415 (1899, writ ref.). The parties may agree upon a mode of payment or discharge of an obligation other than by payment of money. Beaumont Implement Co. v. Clubb, 140 S.W.2d 212 (Tex.Civ.App.—Beaumont, 1940, n. w. h.). The discharge of an obligation may be ef-

fected by the maker himself or by a stranger to the instrument if with the consent of the holder. Turner v. Pugh, supra; Pettigrew v. Dix, 33 Tex. 278 (1870); Cromeens v. Arnold Cotton Co., 461 S.W. 2d 505 (Tex.Civ.App.—Tyler 1970, ref., n. r. e.).

■ We are not unmindful that the terms of a promissory note cannot be contradicted or varied by parol evidence of a manner of payment other than as expressed in the note. Sanders v. Cloud, 409 S.W.2d 876 (Tex.Civ.App.—Waco 1966, n. w. h.). However, the parol evidence rule is not violated by showing the acts and conduct of the parties subsequent to the execution of a written document, Gasperson v. Morris, 362 S.W.2d 392 (Tex.Civ.App. —Fort Worth 1962, ref., n. r. e.), and discharge by means of some performance acceptable to the holder of the obligation may always be shown. Barcus v. J. I. Case Threshing Machine Co., 197 S.W. 478 (Tex.Civ.App.—Amarillo 1917, writ dism'd); Dooley v. Gray, 54 S.W.2d 558 (Tex.Civ.App.—Austin 1932, writ dism'd).

■ We do not mean to suggest from the foregoing that the facts and circumstances outlined above, even if there be no material dispute concerning same, would as a matter of law establish appellant's claimed defense of accord and satisfaction. Tinnin v. Crook, 333 S.W.2d 617 (Tex. Civ.App.—El Paso 1960, ref., n. r. e.). However, a discharge of the original obligation need not have been evidenced by an express release between the parties and the trier of facts might infer same from the facts and circumstances and the conduct of the parties. Utay v. Urbish, 433 S.W.2d 905 (Tex.Civ.App.—Dallas 1968, ref., n. r. e.). Furthermore, even if the facts and circumstance of such transaction failed to persuade that a complete discharge of such obligation was agreed upon, it appears to us that reasonable men might infer therefrom an agreement that the value of such oil payment conveyance was to have been appropriately credited against the debt.

Wardy v. Casner, 108 S.W.2d 772 (Tex. Civ.App.—El Paso 1937, writ dism'd).

■ In determining whether summary judgment should be granted, the question on appeal, as well as in the trial court is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. Odom v. Insurance Company of State of Pennsylvania, 455 S.W.2d 195 (Tex.1970); McDonald v. Clemens, 464 S.W.2d 450 (Tex.Civ.App.—Tyler, 1971, n. w. h.); Cromeens v. Arnold Cotton Co., supra. All evidence which constitutes summary judgment proof is to be viewed in the light most favorable to the party opposing summary judgment. All doubts about the inference from the evidence in the record showing a genuine issue of material fact must be resolved against the party moving for summary judgment. Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93 (1954); Hunt v. Midwest Life and Hospital Insurance Co., 468 S.W.2d 142 (Tex.Civ.App.—Texarkana, 1971, n. w. h.); Randell v. Lubbock National Bank, 453 S.W.2d 860 (Tex.Civ.App.—Eastland, 1970, n. w. h.); Meek v. Cain, 452 S.W.2d 729 (Tex.Civ.App.—Tyler, 1970, n. w. h.). Thus, on motion for summary judgment the burden of demonstrating a lack of a genuine issue of material fact is upon the movant and all doubts are resolved against him. King v. United Distributing of Texas, Inc., 463 S.W.2d 456 (Tex.Civ.App.— Dallas, 1971); Pioneer Cas. Co. v. Bush, 457 S.W.2d 165 (Tex.Civ.App.—Tyler, 1970, writ ref'd, n. r. e.).

■ We are of the opinion that appellee did not discharge its burden of establishing as a matter of law that no genuine issue of material fact existed as to whether the parties to said transaction had agreed that the aforementioned transfer was to have been accepted by appellee in full discharge of appellant's obligation under said note, or alternatively, as a credit against the same. Under the facts as set forth in

appellant's affidavit, we believe reasonable men might draw different conclusions. Therefore, the summary judgment should not have been granted. Sears v. Mund-Boilers, Inc., 336 S.W.2d 243 (Tex.Civ. App.—Texarkana, 1960, ref., n. r. e.); Frazier v. Glens Falls Indemnity Co., supra.

The summary judgment rendered by the trial court is reversed and the cause remanded.

On Motion for Rehearing

■ In a well considered motion for rehearing appellee urges that we affirm the trial court's summary judgment on the authority of Gulf, Colorado & Santa Fe Railway v. McBride, 159 Tex. 442, 322 S. W.2d 492 (1958), and asserts that appellant failed to support his defense of accord and satisfaction by proper summary judgment proof. The statement contained in our opinion to the effect that a movant for summary judgment has the burden of demonstrating the lack of a genuine issue of material fact should not be read as placing upon appellee the burden of negating, in its motion, the appellant's affirmative defense of accord and satisfaction. However, in this case, as distinguished from McBride, appellant did not merely plead an affirmative defense, but filed affidavit which may be fairly read to state that the payment and assignment to appellee was accomplished at its specific instruction that it be done as accord and satisfaction of the note and debt. While the statements contained in appellant's affidavit in this respect are not as certain and specific as might be desired, we hold that they are more than mere conclusions and constitute affirmative testimony that the transaction was effected upon appellee's specific instructions that it be done as accord and satisfaction.

There is an additional reason why the summary judgment was improperly granted in this case. Although not discussed in our original opinion, appellee failed to establish, as a matter of law, that it was the owner and holder of the promissory note in question. The affidavit of E. Edward Ezell, Vice Chairman of the Board of appellee, states that the note attached to appellee's motion is a true and correct copy of the original but does not state that the original note is in the possession of the appellee or that appellee is the present owner and holder of the note. The authentication of the copy as a true reproduction of the original does not establish the present location of the original. Nowhere do we find in the summary judgment proof clear evidence that appellee was the present owner and holder and in possession of the note as required by Texas National Corporation v. United Systems International, Inc., Tex., 493 S.W.2d 738 (1973). Appellee's original petition, generally referred to in its motion and apparently verified by appellee's attorney, cannot be considered as correcting this deficiency. Texas National Corporation v. United Systems International, Inc., supra; Hidalgo v. Surety Savings & Loan Association, 462 S.W.2d 540 (Tex. Sup.1971). Moreover, the attorney's verification is limited in scope and does not purport to cover such statement. Appellant's general denial, therefore, prevented summary judgment in the absence of proper summary judgment proof by appellee showing that it was the present owner and holder and in possession of the note. Perkins v. Crittenden, 462 S.W.2d 565 (Tex. Sup.1970); Texas National Corporation v. United Systems International, Inc., supra.

For the reasons hereinabove stated, appellee's motion for summary judgment should not have been granted and its motion for rehearing is overruled.