In re PILGRIM'S PRIDE
CORPORATION.

No. 06–06–00094–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 24, 2006.

Decided Oct. 25, 2006.

Bart Rankin, Mark D. Taylor, Baker & McKenzie, LLP, Dallas, for relator.

Brent M. Langdon, Holman & Langdon, LLP, Robert S. McGinnis, Gooding & Dodson, Texarkana, for real party in interest.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

In an ongoing series of discovery disputes[1] with Poultry Plant Refrigeration

---

1. This is the third petition for writ of mandamus filed by Pilgrim's Pride Corporation concerning the dispute between these parties. This Court denied relief on the two previously filed petitions. *See In re Pilgrim's Pride Corp.*, No. 06–06–00036–CV, 2006 WL 1342791, 2006 Tex.App. LEXIS 4307 (Tex.App.-Texarkana May 18, 2006, orig. proceeding) (mem. op.); *see also In re Pilgrim's Pride Corp.*, 187 S.W.3d 197 (Tex.App.-Texarkana 2006, orig. proceeding).

and Maintenance (PPR & M), Pilgrim's Pride Corporation has petitioned this Court for a writ of mandamus. In that petition, Pilgrim's Pride complains of the order of the trial court directing Pilgrim's Pride and Hibernia National Bank, PPR & M's former financing bank, to produce documentation reflecting the amount Pilgrim's Pride paid Hibernia for certain debt instruments of PPR & M, which Pilgrim's Pride seeks to use in this lawsuit as affirmative claims, and defensive offsets, against PPR & M. We deny Pilgrim's Pride's petition.

The underlying litigation is a suit on sworn account filed by PPR & M, Albert Littleton, and William Pierce against Pilgrim's Pride. Pilgrim's Pride asserts several affirmative defenses, including satisfaction, offset, setoff, and equitable issues. In addition, Pilgrim's Pride asserts counterclaims for breach of contract, declaratory relief, fraud, civil conspiracy, and equitable issues.[2]

After filing the current lawsuit against Pilgrim's Pride, PPR & M defaulted on certain loans made to PPR & M by Hibernia. Hibernia intervened in the lawsuit but eventually assigned its claims to Pilgrim's Pride.[3] Pilgrim's Pride is now seeking to collect the amounts due under the assigned loans from PPR & M, Littleton, and Pierce. Although in discovery Pilgrim's Pride produced several documents concerning the assigned loans, Pilgrim's Pride objected to the request to produce documents showing the amount Pilgrim's Pride paid for the assignment based on relevance. After holding a hearing, the trial court granted PPR & M's emergency motion to compel production.

Pilgrim's Pride's petition for writ of mandamus asks this Court to order the Honorable Ralph K. Burgess, presiding judge of the 5th Judicial District Court of Bowie County, Texas, to vacate its order of September 5, 2006, which compelled production of documents responsive to requests 7, 9, 10, and 11 of PPR & M's Second Request for Production of Documents,[4] all four aimed at finding out the

---

**2.** Pilgrim's Pride alleges PPR & M submitted fraudulent invoices seeking payment for work for which PPR & M had already been compensated, as well as seeking payment for work that was not necessary or incidental to the fulfillment of PPR & M's obligations under any agreement. Pilgrim's Pride also alleges PPR & M conspired with former employees of Pilgrim's Pride who would approve payment of fraudulent invoices in return for payment or other compensation. Specifically, Pilgrim's Pride alleges PPR & M built a private boathouse for the personal benefit of former Pilgrim's Pride employees but fraudulently submitted the cost of the work to Pilgrim's Pride.

**3.** Apparently, Pilgrim's Pride purchased the lines of credit, notes, and commercial guarantees from Hibernia.

**4.** PPR & M sought and obtained from the trial court an order compelling production of all items described in certain paragraphs of Requests for Production of July 19, 2005, that is, from Hibernia National Bank, the items described in requests 7, 9, 10, and 11, and from

Pilgrim's Pride, the items described in requests 7, 9, and 11. The trial court compelled production of these specific items, at issue in this mandamus proceeding:

[7.] All documents and tangible things that discuss, relate to, refer to or reflect the purchase price of any negotiable instrument from Hibernia National Bank, its successors or assigns, which Pilgrim's Pride Corporation is holder and PPR & M, Inc. owes a debt, is the borrower or guarantor.

. . . .

[9.] All documents and tangible things that discuss, relate to, refer to or reflect the purchase price of any negotiable instrument from Hibernia National Bank, its successors or assigns, which Pilgrim's Pride Corporation is holder and Albert Littleton, as guarantor for PPR & M, Inc., owes a debt, is the borrower or guarantor.

[10.] All documents and tangible things that discuss, relate to, refer to or reflect any agreements between Pilgrim's Pride Corporation and Hibernia National Bank, its successors or assigns, regarding the purchase or assumption of any negotiable instrument

amount of consideration paid for the debts. For the reasons set forth below, we deny Pilgrim's Pride's petition.

█ Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria,* 878 S.W.2d 131 (Tex.1994); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992); *Pilgrim's Pride Corp.,* 187 S.W.3d at 198. Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion, or, in the absence of another statutory remedy, when the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *Abor v. Black,* 695 S.W.2d 564, 567 (Tex.1985).

█ Mandamus is not available for most discovery disputes. An appeal is not an inadequate remedy merely because it may involve more expense or delay than obtaining an extraordinary writ. *Walker,* 827 S.W.2d at 842. However, "[a]n order compelling discovery that is well outside the proper bounds is reviewable by mandamus." *In re Am. Optical Corp.,* 988 S.W.2d 711, 713 (Tex.1998); *see K Mart Corp. v. Sanderson,* 937 S.W.2d 429, 431 (Tex.1996). A party will not have an adequate remedy by appeal when the appellate court would be unable to cure the trial court's discovery error. *In re Kuntz,* 124 S.W.3d 179, 181 (Tex.2003); *Walker,* 827 S.W.2d at 843. "[W]here a discovery order compels production of 'patently irrelevant or duplicative documents,' . . . there is no adequate remedy by appeal because the order 'imposes a burden on the producing party far out of proportion to any

benefit that may obtain to the requesting party.' " *In re CSX Corp.,* 124 S.W.3d 149, 153 (Tex.2003); *see Walker,* 827 S.W.2d at 843. Information "is 'patently' or 'clearly' irrelevant when . . . reasonable minds would not differ that it has no tendency to prove or disprove any issue involved in the subject matter of the suit and the information's irrelevancy is apparent from the face of the record." *MCI Telecomm. Corp. v. Crowley,* 899 S.W.2d 399, 403–04 (Tex. App.-Fort Worth 1995, orig. proceeding [leave denied] ).

█ Pilgrim's Pride contends the documents sought by PPR & M, dealing with the consideration paid for the assignment, are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Pilgrim's Pride cites *Carter v. DeJarnatt,* 523 S.W.2d 88, 90–91 (Tex.App.-Texarkana 1975, writ ref'd n.r.e.), for the proposition that a holder of a promissory note is entitled to recover the full amount due on the note regardless of what was paid for the assignment. Thus, according to Pilgrim's Pride, the amount paid for the assignment is irrelevant to the current dispute and the trial court abused its discretion in ordering production of the documents. While, if the sole matter at issue is whether one party may recover the amount due on a promissory note it has purchased, the amount of consideration it paid to purchase that note—if at least some value is paid—is irrelevant, we disagree that the documents sought are "patently irrelevant" or that the trial court clearly abused its discretion.

█ Pilgrim's Pride relies extensively on the Texas Supreme Court's decision in

which William Pierce, as guarantor for PPR & M, Inc., owes a debt, is the borrower or guarantor.
[11.] All documents and tangible things that discuss, relate to, refer to or reflect the purchase price of any negotiable instrument

from Hibernia National Bank, its successors or assigns, which Pilgrim's Pride Corporation is holder and William Pierce, as guarantor for PPR & M, Inc., owes a debt, is the borrower or guarantor.

*Ford Motor Co. v. Leggat* in asserting that the trial court abused its discretion. *See Ford Motor Co. v. Leggat,* 904 S.W.2d 643 (Tex.1995).[5] In *Leggat,* Reynauld White was killed while driving a Ford Bronco II, which rolled over, causing his death. *Id.* at 645. White's estate filed a products liability suit against Ford. *Id.* The Texas Supreme Court held the trial court clearly abused its discretion in ordering Ford to produce settlement amounts in similar accidents. *Id.* at 649–50. Although noting settlement agreements are discoverable to the extent they are relevant, the court noted pursuing discovery of the amounts of settlement to determine a settlement strategy was not a proper purpose of discovery. *Id.* at 649; *cf. In re Frank A. Smith Sales, Inc.,* 32 S.W.3d 871, 875 (Tex. App.-Corpus Christi 2000, orig. proceeding) ("real" motivation not determinative, if legitimate basis exists for discovery). The Texas Supreme Court specifically noted the parties provided no explanation of how the settlement agreements were relevant. *Leggat,* though, is distinguishable from the current dispute. The settlement agreements in *Leggat* concerned other lawsuits and different parties. The assigned loans are at issue in the current case.[6] Further, as discussed below, the trial court did not abuse its discretion in finding the request was reasonably calculated to lead to discovery of relevant evidence.

In general, discovery may be obtained of any unprivileged information[7] relevant to the subject matter of the case, including inadmissible evidence, provided the request is reasonably calculated to lead to the discovery of admissible evidence. *See* Tex.R. Civ. P. 192.3(a); *see also CSX Corp.,* 124 S.W.3d at 152; *Monsanto Co. v. May,* 889 S.W.2d 274, 276 (Tex.1994). Because discovery may not be used as a fishing expedition, discovery requests must be reasonably tailored to include only matters relevant to the case. *CSX Corp.,* 124 S.W.3d at 152; *Am. Optical Corp.,* 988 S.W.2d at 713. Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. Tex.R. Evid. 401.

Whether a discovery request is reasonably calculated to lead to the discovery of admissible evidence is largely within the trial court's discretion. *See In re Colonial Pipeline Co.,* 968 S.W.2d 938, 941 (Tex.1998). Whether the amount of consideration Pilgrim's Pride paid to obtain the assignments from Hibernia ultimately proves inadmissible at trial,[8] the information sought in this case is not "patently" irrelevant. By pleading a counterclaim based on the assigned loans, Pilgrim's Pride has placed the assigned loans in dispute. The transaction by which Pil-

---

5. In addition to *Leggat,* Pilgrim's Pride cites *Kuntz,* 124 S.W.3d at 180; *CSX Corp.,* 124 S.W.3d at 153; and *Sears, Roebuck & Co. v. Ramirez,* 824 S.W.2d 558, 559–60 (Tex.1992).

6. PPR & M also argues the trial court did not abuse its discretion because the assignment of the loans is "tantamount to a settlement agreement between Pilgrim's and Hibernia" and, therefore, discoverable. The record contains no evidence that the assignment of the loans resolved any claims Hibernia had pending against Pilgrim's Pride. On the basis of the record before us, the assignment of the

loans in this case is not the functional equivalent of a settlement agreement.

7. Pilgrim's Pride has not claimed any privilege applies to the disputed documents, nor has it argued that there is any particular difficulty involved in producing the documents.

8. Relevance should not be confused with admissibility. Admissibility is not required for information to be discoverable. *See* Tex.R. Civ. P. 192.3(a); *Axelson, Inc. v. McIlhany,* 798 S.W.2d 550, 553 (Tex.1990).

grim's Pride allegedly acquired these rights from the original lender is the area of inquiry sought by PPR & M in its discovery request. As such, whether *any* value was paid for the assigned loans may be relevant. *See, e.g.,* TEX. BUS. & COM. CODE ANN. § 3.203(c) ("Transfer of Instrument; Rights Acquired by Transfer"); § 3.302(a)(2) ("Holder in Due Course"); § 3.303 ("Value and Consideration") (Vernon 2002). Additionally, Pilgrim's Pride has pled defenses and counterclaims based on equitable grounds.[9] The *amount* paid for the loans could be relevant under one of these theories. The trial court did not abuse its discretion in finding the request either sought discovery of admissible evidence or was reasonably calculated to lead to discovery of admissible evidence.

 A reasonably tailored discovery request is not overbroad merely because it may include some information of doubtful relevance, and "parties must have some latitude in fashioning proper discovery requests." *Texaco, Inc. v. Sanderson,* 898 S.W.2d 813, 815 (Tex.1995). In general, the scope of discovery is broad—extending to "any matter that is not privileged and is relevant to the subject matter of the pending action." TEX.R. CIV. P. 192.3(a). Further, "only in certain narrow circumstances is it appropriate to obstruct the search for truth by denying discovery." *State v. Lowry,* 802 S.W.2d 669, 671 (Tex. 1991); *Collins v. Cleme Manor Apartments,* 37 S.W.3d 527, 532–33 (Tex.App.-Texarkana 2001, orig. proceeding).

Because reasonable minds could differ concerning whether the information sought either (1) is relevant to any issue involved in the lawsuit or (2) could reasonably lead

to the discovery of such information, the documents sought are not "patently irrelevant." The trial court's order was not arbitrary and unreasonable, nor did it constitute a clear abuse of discretion.

We deny Pilgrim's Pride's petition for writ of mandamus.

---

**9.** Pilgrim's Pride argues PPR & M's sole contention is that the documents at issue are relevant to Pilgrim's Pride's claims to enforce PPR & M's obligations under the loan documents. We do not believe PPR & M's claims can be so limited. PPR & M referred, on appeal and to the trial court, to Pilgrim's Pride's claims in general as "affirmative defenses." Even though PPR & M did argue that the information was relevant to its obligations under assigned loans, PPR & M did not explicitly restrict its argument.