

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-16-00271-CV

## IN RE JERRY A. BULLIN, INDIVIDUALLY, CJB PARTNERS, LTD., AND ITS GENERAL PARTNER CJB PARTNERS MANAGEMENT, LLC, AND BRE GROUP, LTD

_____

## Original Proceeding

_____

## No. 10-16-00343-CV

## IN RE TEXAS PRIVATE SCHOOLS FOUNDATION, INC. D/B/A ALLEN ACADEMY

_____

## Original Proceeding

_____

## MEMORANDUM OPINION

_____

In cause number 10-16-00271-CV, relators, Jerry A. Bullin, individually, CJB Partners, Ltd., and its general partner CJB Partners Management, LLC and BRE Group, Ltd. (collectively "Bullin"), contend that the trial court abused its discretion by ordering

the production of adjusted-gross-income ("AGI") and taxable-income ("TI") figures for tax years 2008, 2012, and 2013. In a competing petition for writ of mandamus in cause number 10-16-00343-CV, relator, Texas Private Schools Foundation, Inc. d/b/a Allen Academy, contends that the trial court abused its discretion by denying its request to compel Bullin to produce AGI and TI figures for tax years 2009, 2010, and 2011.

On original submission, we denied both petitions for writ of mandamus. *See generally In re Bullin (In re Tex. Private Sch. Found., Inc.)*, Nos. 10-16-00271-CV & 10-16-00343-CV, 2017 Tex. App. LEXIS 7352 (Tex. App.—Waco Aug. 2, 2017, orig. proceeding) (mem. op.). However, since our denial of the mandamus petitions, the parties have filed motions for rehearing, as well as motions to transfer in-camera records from a previous mandamus petition involving the same parties. *See generally In re Bullin*, No. 10-15-00423-CV, 2016 Tex. App. LEXIS 2604 (Tex. App.—Waco Mar. 10, 2016, orig. proceeding) (mem. op.). In the current proceedings, the parties submitted records that included Bullin's heavily-redacted tax returns that did not reveal his AGI or TI for the relevant time periods. But, in the prior proceeding, the in-camera records contained Bullin's partially redacted tax returns that disclosed AGI, TI, and charitable-contribution figures, but redacted other information. Therefore, for the purpose of analyzing the motions for rehearing, we granted the parties' motions to transfer the in-camera records from the prior Bullin mandamus proceeding. And after reviewing the record, we grant Bullin's motion for rehearing, withdraw our memorandum opinion and judgments issued

August 2, 2017, and substitute the following in their place. We conditionally grant Bullin's petition for writ of mandamus and dismiss as moot Allen Academy's petition for writ of mandamus.

## I. APPLICABLE LAW

Mandamus relief is available only to correct a "clear abuse of discretion" when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Clear abuse of discretion occurs when a trial court "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* at 839 (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). When reviewing factual issues, the reviewing court may not substitute its judgment for that of the trial court. *Id.* at 839-40. Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless the decision if shown to be arbitrary and unreasonable. *Id.* at 840.

The scope of discovery is much broader than the scope of admissible evidence. *In re Exmark Mfg. Co.*, 299 S.W.3d 519, 528 (Tex. App.—Corpus Christi 2009, orig. proceeding); *see In re Pilgrim's Pride Corp.*, 204 S.W.3d 831, 835 n.8 (Tex. App.—Texarkana 2006, orig. proceeding) ("Relevance should not be confused with admissibility. Admissibility is not required for information to be discoverable." (citing TEX. R. CIV. P. 192.3(a); *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 553 (Tex. 1990))). Nevertheless, the determination of the scope of discovery is generally within the trial court's discretion.

*Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995). Discovery requests, however, must be reasonably tailored to include only matters that are relevant to the case. *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995). When the trial court orders discovery exceeding the scope permitted by the rules of procedure, it abuses its discretion. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding).

Parties are entitled to seek discovery "regarding any matter that is not privileged and is relevant to the subject matter of the pending action." TEX. R. CIV. P. 192.3(a). Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. TEX. R. EVID. 401.

Tax returns are treated differently than other types of financial records, as evidenced by the Texas Supreme Court's expressed "reluctance to allow uncontrolled and unnecessary discovery of federal income tax returns." *Hall v. Lawlis*, 907 S.W.2d 493, 494-95 (Tex. 1995) (citing *Sears, Roebuck & Co. v. Ramirez*, 824 S.W.2d 558, 559 (Tex. 1992) (per curiam)). This is because federal income tax returns are considered private and the protection of that privacy is of constitutional importance. *Maresca v. Marks*, 362 S.W.2d 299, 301 (Tex. 1962). The sacrifice of such privacy should be "kept to a minimum, and this requires scrupulous limitation of discovery to information furthering justice between the parties which, in turn, can only be information of relevancy and materiality to the matters in controversy." *Id.* Therefore, unlike when other types of financial information

are sought, after a resisting party objects to the production of tax returns, the burden shifts to the party seeking to obtain the documents to show that the tax returns are both relevant and material to the issues in the case. *El Centro del Barrio, Inc. v. Barlow*, 894 S.W.2d 775, 779 (Tex. App.—San Antonio 1994, no writ); *see Hall*, 907 S.W.2d at 494.

## II. DISCUSSION

Here, Allen Academy sought AGI, TI, and charitable-contribution figures from Bullin's tax returns for the tax years 2008 through 2013. The purpose for the request was to show that "'notes' actually representing charitable donations were executed by Allen Academy at Bullin's request for his 'tax and accounting purposes' with no expectation of repayment." After a hearing, the trial court ultimately concluded that Allen Academy was entitled to the AGI, TI, and charitable-contribution figures from Bullin's tax returns for tax years 2008, 2012, and 2013, but not for tax years 2009, 2010, and 2011.[1] In his mandamus petition, Bullin argues that the trial court abused its discretion by requiring him to produce AGI and TI figures from his tax returns for tax years 2008, 2012, and 2013.

---

[1] Interestingly, the trial court initially denied Allen Academy's motion to compel Bullin's tax information for the relevant tax years, stating the following:

> This suit seeks a declaratory judgment that certain promissory notes are unenforceable or, alternatively, that Jerry A. Bullin be found to have breached an alleged fiduciary duty or committed fraud. The Court finds that there is not a sufficient nexus between these claims and the need for the information requested. The Court therefore sustains Defendants' objections and denies Plaintiff's Motion to Compel Production.

However, upon reconsideration, the trial court ordered Bullin to produce the AGI, TI, and charitable-contribution figures shown on his 2008, 2012, and 2013 tax returns.

In essence, Bullin contends that none of the AGI and TI figures for tax years 2008 through 2013 should be produced, whereas Allen Academy asserts that the figures should be produced for all of the relevant tax years.

The mandamus record shows that Bullin contributed large sums of money to Allen Academy. Many of these contributions were initially loans, as documented by the numerous promissory notes contained in the mandamus record.[2] Allen Academy acknowledges that it executed promissory notes with Bullin; however, Allen Academy argues that it is not liable on the notes because Bullin expressed that he would later forgive the notes.

## A. The Parol-Evidence Rule

The parol-evidence rule is a rule of substantive law. *See Hubacek v. Ennis State Bank*, 159 Tex. 166, 317 S.W.2d 30, 31 (1958); *see also DeClaire v. G&B McIntosh Family Ltd. P'ship*, 260 S.W.3d 34, 45 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (op. on reh'g).

> When parties reduce an agreement to writing, the law of parol evidence presumes, in the absence of fraud, accident, or mistake, that any prior or contemporaneous oral or written agreements merged into the written agreement and, therefore, that any provisions not set out in writing were either abandoned before execution of the agreement or, alternatively, were never made and are thus excluded from consideration in interpreting the written agreement.

---

[2] The promissory notes are considered negotiable instruments under the Uniform Commercial Code because they are a written, unconditional promise to pay a sum certain in money, upon demand or at a definite time, and is payable to order or to bearer. *See* TEX. BUS. & COM. CODE ANN. § 3.104(a) (West Supp. 2017).

*DeClaire*, 260 S.W.3d at 45 (internal citations omitted).

Additionally, Texas courts have held that a promissory note that is clear and express in its terms cannot be varied by a lender's alleged representations that the debtor will not be liable on the note. *See Town N. Nat'l Bank v. Broaddus*, 569 S.W.2d 489, 491 (Tex. 1978) ("The rule from these cases is, quite clearly, that a negotiable instrument which is clear and express in its terms cannot be varied by parol agreements or representations of a payee that a maker or surety will not be liable thereon." (internal citations omitted)). More specifically, this Court has stated:

> But even had defendants offered proof under proper pleadings that plaintiff had induced defendants to sign the note by a false representation that he would not be personally liable thereon or made an agreement or had an understanding to that effect, and had the jury so found, it still would avail defendants nothing. An unconditional written instrument cannot be varied or contradicted by parol agreements or by representations of the payee that the maker would not be held liable according to the tenor of the instrument.

*Dean v. Allied Oil Co.*, 261 S.W.2d 900, 902 (Tex. Civ. App.—Waco 1953 writ dism'd); *DeClaire*, 260 S.W.3d at 45 (citing *Dameris v. Homestead Bank*, 495 S.W.2d 52, 54 (Tex. Civ. App.—Houston [1st Dist.] 1973, no writ)).

"We review parol-evidence questions de novo, as questions of law." *DeClaire*, 260 S.W.3d at 45 (citing *City of Pasadena v. Gennedy*, 125 S.W.3d 687, 691 (Tex. App.—Houston [1st Dist.] 2003, pet. denied)). "Evidence that violates the parol evidence rule has no legal effect and 'merely constitutes proof of facts that are immaterial and inoperative.'" *Id.* (quoting *Piper, Stiles & Ladd v. Fid. & Deposit Co.*, 435 S.W.2d 934, 940 (Tex. Civ. App.—

Houston [1st Dist.] 1968, writ ref'd n.r.e.)). Moreover, because all prior negotiations and agreements merge into the final agreement, parol evidence is not admissible to vary, alter, or supplement the terms of an otherwise unambiguous contract except to show: (1) that the contract was induced by fraud, accident, or mistake; (2) that an agreement was to become effective only upon certain contingencies; or (3) in the case of ambiguity, that the parties' true intentions differ from those expressed in the agreement. *Id.* (internal citations omitted); *see Town N. Nat'l Bank*, 569 S.W.2d at 494 ("Therefore, . . . we believe that implicit within their holdings that extrinsic evidence is permissible to show fraud in the inducement of a note is the requirement there be a showing of some type of trickery, artifice, or device employed by the payee in addition to the showing that the payee represented to the maker he would not be liable on such note.").

"Parol evidence may also be admissible, under an additional exception, to show collateral, contemporaneous agreements that are consistent with the underlying agreement to be construed." *DeClaire*, 260 S.W.3d at 45 (internal citations omitted). "But this latter exception does not permit parol evidence that varies or contradicts either the express terms or the implied terms of the written agreement." *Id.* at 45-46 (internal citations omitted).

In its live pleading, Allen Academy asserted fraud and negligent-misrepresentation claims against Bullin, noting that it would not have entered into the notes except for the representations made by Bullin that the notes would be forgiven and

taken as a charitable-contribution deduction on his tax returns. However, Allen Academy does not direct us to any evidence demonstrating that Bullin engaged in some sort of trickery, artifice, or device regarding the execution of the notes. Therefore, what we are left with is simply Allen Academy's allegation that Bullin stated he would forgive the notes. As shown above, this is not enough to overcome the presumption that an "unconditional written instrument cannot be varied or contradicted by parol agreements or by representations of the payee that the maker would not be held liable according to the tenor of the instrument." *Dean*, 261 S.W.2d at 902; *see Town N. Nat'l Bank*, 569 S.W.2d at 491; *DeClaire*, 260 S.W.3d at 45; *Dameris*, 495 S.W.2d at 54; *see also Simmons v. Compania Financiera Libano, S.A.*, 830 S.W.2d 789, 791 (Tex. App.—Houston [1st Dist.] 1992, writ denied) (holding that the "clear terms of a negotiable instrument, such as the ones in this case, cannot be varied by a parol agreement which purports to change the obligor's responsibilities"); *Tex. Export Dev. Corp. v. Schleder*, 519 S.W.2d 134, 137 (Tex. Civ. App.—Dallas 1974, no writ) (holding that parol evidence tendered by the maker of a note is inadmissible because it "negates the very obligation imposed upon him in the written instrument"). Accordingly, we cannot say that the information sought by Allen Academy would lead to the discovery of admissible evidence. *See* TEX. R. CIV. P. 192.3(a); *see also In re CSX Corp.*, 124 S.W.3d at 152; *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding) (per curiam) ("This Court has repeatedly emphasized that discovery may not be used as a fishing expedition.").

Thus, because Allen Academy cannot use parol evidence to vary the terms of the underlying notes without evidence of trickery, artifice, or device, we cannot say that the tax information sought tends to make the existence of fact that is of consequence to the determination of the action more or less probable than it would be without the information. *See* TEX. R. EVID. 401; *see also In re Brewer Leasing, Inc.*, 255 S.W.3d 708, 711-12 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding) ("Discovery requests, however, must be reasonably tailored to include only matters relevant to the case." (citing *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995))). Or, in other words, we conclude that Allen Academy has failed to demonstrate that the tax information sought from Bullin is relevant or would lead to the discovery of relevant information. *See* TEX. R. CIV. P. 192.3(a); TEX. R. EVID. 401; *see also In re Brewer Leasing, Inc.*, 255 S.W.3d at 711-12. We therefore conclude that the trial court abused its discretion by ordering Bullin to produce the actual figures for AGI and TI for tax years 2008, 2012, and 2013. *See Hall*, 907 S.W.2d at 494; *see also Barlow*, 894 S.W.2d at 779.

As stated earlier, to be entitled to mandamus relief, a petitioner must show both that the trial court abused its discretion and that there is no adequate remedy by appeal. *See Walker*, 827 S.W.2d at 839; *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135 (Tex. 2004). "It is well-established that there is no adequate remedy by appeal for the erroneous compelling of a person to disclose tax records." *In re Wharton*, 226 S.W.3d 452, 458 (Tex. App.—Waco 2005, orig. proceeding); *see Hall*, 907 S.W.2d at 495. Therefore, because the

trial court abused its discretion in compelling the production of this tax information, and because that order leaves Bullin without an adequate remedy by appeal, he is entitled to mandamus relief. *See In re Prudential Ins. Co.,* 148 S.W.3d at 135; *Hall,* 907 S.W.2d at 495; *Walker,* 827 S.W.2d at 839; *see also In re Wharton,* 226 S.W.3d at 458.

## III. CONCLUSION

Having concluded that the trial court abused its discretion in compelling the production of the complained-of tax information and that Bullin has no adequate remedy by appeal, we grant Bullin's motion for rehearing, withdraw our memorandum opinion and judgments issued on August 2, 2017, substitute the following in their place, and grant Bullin's mandamus petition in cause number 10-16-00271-CV. We order respondent to vacate his discovery order compelling Bullin to produce AGI and TI figures for tax years 2008, 2012, and 2013. We are confident respondent will comply, and the writ will issue only if respondent fails to do so. Additionally, given our disposition of the mandamus petition filed by Bullin, we dismiss Allen Academy's mandamus petition and corresponding motion for rehearing in cause number 10-16-00343-CV as moot.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Conditionally granted & dismissed
Opinion delivered and filed January 10, 2018
[OT06]

