

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00050-CV

IN RE TEXAS REGIONAL CLINIC
AND MEMORIAL MRI & DIAGNOSTIC

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Relators, Texas Regional Clinic and Memorial MRI & Diagnostic, filed a petition for a writ of mandamus requesting that this Court vacate a discovery order dated May 2, 2024, entered by the trial court in Panola County. Because we find that the trial court did not abuse its discretion in compelling discovery responses from Texas Regional Clinic and Memorial MRI, we deny the petition.

## I.      Factual Background

In the underlying action, Anthony Berry sued Raven Cranford for personal injuries arising out of an automobile accident. The accident occurred on March 15, 2021. Following the accident, Berry sought treatment from both Texas Regional Clinic and Memorial MRI. Texas Regional Clinic billed Berry over $99,000.00, and Memorial MRI billed Berry over $5,500.00 for that medical treatment. Cranford contends those amounts are "unreasonable and excessive." To prove his claim that those amounts are both unreasonable and excessive, Cranford sent subpoenas duces tecum to both Texas Regional Clinic and Memorial MRI, seeking information as to Berry's treatment from the accident.

On March 1, 2024, Cranford served Memorial MRI with a subpoena duces tecum. According to the officer's return from that service, "George Martinez" was served on behalf of Memorial MRI. There is no indication on the return as to Martinez's status with Memorial MRI. Notably, although the officer's return states Martinez is a "corporate representative of Memorial MRI," the return does not provide that he is a corporate representative authorized to accept

service on behalf of Memorial MRI.[1]  Likewise, on March 4, 2024, Cranford served Texas Regional Clinic.  According to the officer's return, the officer served "Veronica."  Again, her status with Texas Regional Clinic is unclear, and the return does not even state whether she is employed by Texas Regional Clinic.  Further, her last name is not stated in that return.

Despite those deficiencies, Texas Regional Clinic and Memorial MRI did not move to quash those subpoenas, and the record indicates they did not respond at all.[2]  As stated in the subpoenas, the deadline for Texas Regional Clinic and Memorial MRI to comply was March 29, 2024.

On April 26, 2024, approximately eight weeks after serving those subpoenas, Cranford moved to compel discovery responses from both Texas Regional Clinic and Memorial MRI.  The trial court set a hearing on the motion for May 2, 2024.  Counsel for Texas Regional Clinic and Memorial MRI attempted to attend the hearing but was unable to attend due to hazardous road conditions, which included rain and flooding.  On the same day, the trial court ordered Texas Regional Clinic and Memorial MRI to respond to the subpoenas within seven days.  Texas Regional Clinic and Memorial MRI requested a rehearing and reconsideration, and that request was denied on May 14, 2024.  Trial in this matter is currently set for May 20, 2024.

## II.     Standard for Mandamus Relief

"Mandamus is an extraordinary remedy requiring the relator to show that (1) the trial court abused its discretion and (2) the relator lacks an adequate remedy on appeal."  *In re USAA*

---

[1]Both Texas Regional Clinic and Memorial MRI are corporations.  Corporations may be served through their registered agent, president, or vice president. *See* TEX. BUS. ORGS. CODE ANN. §§ 5.201(b), 5.255(1).

[2]The Relators do not dispute that they had actual notice of those outstanding subpoenas and that Cranford sent notices to their individual addresses.

*Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)). "Mandamus relief is only appropriate when the relators have established that only one outcome in the trial court was permissible under the law." *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d 53, 56 (Tex. 2019) (orig. proceeding). While mandamus review is not always available in discovery disputes, mandamus review is available to vacate an order compelling discovery under certain circumstances where a party has no adequate remedy with an appeal. *See In re Pilgrim's Pride Corp.*, 204 S.W.3d 831, 834 (Tex. App.—Texarkana 2006, orig. proceeding).

"When reviewing matters committed to a trial court's discretion, an appellate court may not substitute its own judgment for the trial court's judgment." *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (per curiam) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)). As a result, we may not "set aside the trial court's [order] unless it is clear from the record that the trial court could only reach one decision." *Id.*

## III.     The Trial Court Did Not Abuse Its Discretion

The Texas Rules of Civil Procedure provide the compliance requirements for third-party subpoenas. *See* TEX. R. CIV. P. 176.1–.8. Under these rules, and as a general rule, a non-party must comply with a subpoena. *See* TEX. R. CIV. P. 176.6(a). Where a non-party has an objection to a subpoena, that non-party is directed to object before the deadline to comply. *See* TEX. R. CIV. P. 176.6(d).

Rule 176.6(d) of the Texas Rules of Civil Procedure provides as follows:

> A person commanded[3] to produce and permit inspection or copying of designated documents and things may serve on the party requesting issuance of the subpoena—before the time specified for compliance—written objections to producing any or all of the designated materials.

TEX. R. CIV. P. 176.6(d). This rule protects non-parties because, once an objection is filed, that "person need not comply with the part of a subpoena to which objection is made as provided in this paragraph unless ordered to do so by the court." *Id.*

Furthermore, where a non-party seeks to challenge the service of a subpoena, another potential avenue for this challenge is through a motion to quash. *See Fuentes v. Zaragoza*, 555 S.W.3d 141, 159 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (recognizing "[t]he proper time to challenge service of process is at the trial level through a motion to quash"). Under the present facts, Texas Regional Clinic and Memorial MRI did not object under Rule 176.6(d), did not comply with the subpoenas, and did not move to quash. Instead, they waited for approximately eight weeks from receiving those subpoenas, or until a motion to compel was filed, to act on their claims of defective service. As a result, we cannot find that the trial court abused its discretion in entering the May 2, 2024, order compelling production.[4]

---

[3]Notably, the word "command[ed]" is used instead of "served." The Relators argue that they have no obligation to comply at all because they were not properly "served," and these rules only apply to an entity that is "served." This is not the plain reading of Rule 176.6(d).

[4]The majority of cases Relators cite in support of their petition involve claims of improper service where a default judgment was granted. *See Asset Prot. & Sec. Servs., L.P. v. Armijo*, 570 S.W.3d 377, 386 (Tex. App.—El Paso 2019, no pet.); *Barnes v. Frost Nat'l Bank*, 840 S.W.2d 747, 750 (Tex. App.—San Antonio 1992, no writ); *Gatlin v. Dibrell*, 11 S.W. 908, 909 (Tex. [Comm'n Op.] 1889); *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 231 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *Pleasant Homes, Inc. v. Allied Bank of Dallas*, 776 S.W.2d 153, 154 (Tex. 1989) (per curiam) (orig. proceeding); *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam); *Reed Elsevier, Inc. v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 180 S.W.3d 903, 905–06 (Tex. App.—

**IV.    Conclusion**

Because Texas Regional Clinic and Memorial MRI have not demonstrated entitlement to

this extraordinary remedy, we deny their petition for a writ of mandamus.


Charles van Cleef
Justice

Date Submitted:        May 16, 2024
Date Decided:          May 16, 2024

---

Dallas 2005, pets. denied); *Turbo Rests., LLC v. Reid's Refrigeration, Inc.*, 657 S.W.3d 490, 502 (Tex. App.—El Paso 2022, no pet.).

The other cases apply to unique situations. *See In re Drs.' Hosp. of Laredo, Ltd. P'ship*, 2 S.W.3d 504, 506–07 (Tex. App.—San Antonio 1999, orig. proceeding) (granting mandamus relief and finding the trial court's ordered production of personal records was an abuse of discretion); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 140–41 (Tex. 2004) (orig. proceeding) (granting mandamus relief and enforcing a tenant's waiver of the right to a jury trial); *Walker v. Packer*, 827 S.W.2d 833, 844 (Tex. 1992) (orig. proceeding) (finding the relators did not meet the burden for mandamus relief on two discovery matters); *Wohler v. La Buena Vida in W. Hills, Inc.*, 855 S.W.2d 891, 892 (Tex. App.—Fort Worth 1993, no writ) (finding service was proper).  At least one case found no abuse of discretion in compelling the deposition of a non-party. *In re Total Petrochemicals & Refin. USA, Inc.*, 595 S.W.3d 904, 907 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).  None of these cases allow non-parties to avoid raising a curable defect in service through an objection or a motion to quash with an impending trial date.